UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT MANNING,

      Plaintiff,

v.

WALMART INC.,
a Foreign Profit Corporation,

      Defendant.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MANNING ("Mr. Manning" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from WALMART INC. ("Walmart" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Duval County, Florida.

3. Defendant is a foreign profit corporation that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Duval County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from July 15, 2018, until his termination on October 3, 2019.

8. On or around February 2019, Mr. Manning was transferred to work as an Automotive and Lube Technician, which he did so until his termination.

9. Unfortunately, in the late summer of 2019, Mr. Manning was diagnosed with thyroid cancer, and was informed by his treating physicians that he would need to undergo thyroid surgery soon.

10. As a result of Mr. Manning's condition worsening, Mr. Manning's immediate supervisor was notified of Mr. Manning's need for unpaid protected leave.

11. However, since the request was ignored, Mr. Manning was forced to contact Walmart's benefits administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick") to

apply for a period of continuous unpaid leave pursuant to the FMLA in order to address his serious health condition.

12. Mr. Manning was informed by Sedgwick that he had been approved for a period of continuous unpaid FMLA leave from September 14, 2019, through October 11, 2019.

13. On October 8, 2019, however, while Mr. Manning was still out on FMLA leave recovering from his serious health condition and treatment for same, Sedgwick forwarded written correspondence to Mr. Manning informing him that Walmart had terminated Mr. Manning's employment effective October 3, 2019.

14. Walmart never provided any reasonable rationale to Mr. Manning for its extreme adverse employment action against him.

15. Defendant's adverse employment action was taken to interfere with, and in retaliation for, Mr. Manning's notifying Walmart of his serious health condition, and in retaliation for Mr. Manning utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

16. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

17. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

18. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

19. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

20. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of protected FMLA leave.

21. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

22. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

23. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, above.

25. At all times relevant hereto, Plaintiff was protected by the FMLA.

26. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

27. At all times relevant hereto, Defendant interfered with Plaintiff by terminating Plaintiff during his use of FMLA leave, and not allowing Plaintiff to exercise his FMLA rights freely.

28. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

33. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing FMLA-protected leave.

34. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

35. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 2nd day of September, 2020.

Respectfully Submitted,

***/s/ Noah E. Storch*** 
Noah E. Storch, Esq. 
Florida Bar No. 0085476 
RICHARD CELLER LEGAL, P.A. 
10368 W. SR. 84, Suite 103 
Davie, Florida 33324 
Telephone: (866) 344-9243 
Facsimile: (954) 337-2771 
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*